### (September 9, 1976)

In the Matter of ARNOLD W. PROSKIN, Respondent, v STEPHEN MAY et al., Constituting the New York State Board of Elections, Respondents, and HOWARD C. NOLAN, Appellant.—Appeal from a judgment of the Supreme Court at Special Term, entered September 8, 1976 in Albany County, which granted petitioner's application, in a proceeding pursuant to section 330 of the Election Law, to invalidate the designating petition of appellant Nolan designating him as the Conservative Party candidate for the office of State Senate for the 42nd Senatorial District. Special Term found that 116 of the 220 signatures appearing on appellant Nolan's designating petition were invalid because of substantial material irregularities, fraud and forgery. The remaining 104 signatures on the designating petition, however, were found to be valid. Moreover, Special Term specifically found that the appellant Nolan, the candidate, had no knowledge of the forgeries, fraud or irregularities in the designating petition. On the basis of all these findings Special Term held, as a matter of law, that the petition was so permeated with forgeries, fraudulent practices and other irregularities that the entire petition must be invalidated. Special Term's findings are supported by the record, but its legal conclusion is erroneous. The courts should zealously attempt to protect the integrity of the electoral process and certainly the forgeries, fraudulent practices, and other irregularities employed to obtain signatures on appellant Nolan's designating petition cannot be condoned. But, where, as here, a candidate has the required number of valid signatures, has in no way participated in obtaining any of the challenged signatures, and has no knowledge of any irregularities, the qualified signatories on his designating petition should not lose their right to designate a candidate merely because others over whom they have no control have been guilty of wrongdoings (Matter of Lefkowitz v Cohen, 262 App Div 452, affd 286 NY 499). Judgment reversed, on the law, and petition dismissed, without costs. Koreman, P. J., Sweeney, Kane, Main and Herlihy, JJ., concur.